IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


WILLIE HARELTON McDIARMID, JR.                                    PLAINTIFF

v.                                  Civil No. 6:24-06006-SOH-MEF

SAVANNA CANTRELL (Parole Officer)
and DIRECTOR MARGARETT DOE
(Covenant Recovery)                                              DEFENDANTS


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed under 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court is required to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

## I.       BACKGROUND

Plaintiff filed his Complaint in the Eastern District of Arkansas on January 10, 2024.  (ECF No. 2).  It was transferred to this District on January 18, 2024.  (ECF No. 4).  On February 2, 2024, and again on February 27, 2024, Plaintiff was directed to submit his Complaint on the court-approved form for this District.  (ECF Nos. 7, 10).  He did so on March 8, 2024.  (ECF No. 11).

Plaintiff is currently incarcerated in the Arkansas Division of Correction ("ADC") East Arkansas Regional Unit, but his claims center on his time in the Covenant Recovery facility.  The

_____

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").

1

Court takes judicial notice that Covenant Recovery provides Transitional Housing and Reentry Services to Arkansas inmates.[2]  For his first claim, Plaintiff alleges that Defendant Cantrell "caused others to target me for harassment by providing information about my criminal record with them." (*Id*. at 4).  He further alleges that Defendant Director Margarett Doe "allowed the behavior of others toward me and refused to act in a professional manner." (*Id*. at 5).  Plaintiff alleges he was in a "state of alert not knowing what others might do to me next." (*Id*.).  Plaintiff failed to describe any of the alleged harassment or state that he suffered any actual physical injuries.  He alleges this claim occurred between October 17, 2023, and November 2, 2023. (*Id*. at 4).

For his second claim, Plaintiff alleges that Defendant Director Margarett Doe "refused to provide me with assistance in reporting issues that were occurring on a daily basis at Covenant Recovery." (*Id*. at 6).  He further alleges she ignored his requests for help, and he "began to fear for [his] life since nobody was doing anything to assist me." (*Id*.).  Plaintiff provides no description of the "issues" or of any harm suffered from them.  Plaintiff alleges this occurred between October 17, 2023, and November 2, 2023. (*Id*.).  Publicly available ADC records indicate Plaintiff was sentenced to SIS on May 22, 2023, in both Bradley and Drew Counties for drug offenses, and he was received into the ADC Ester Unit on October 11, 2023.[3]

Plaintiff proceeds against Defendants for both claims in their individual capacity. (*Id*. at 5, 7).  He seeks compensatory and punitive damages. (*Id*. at 9).

---

[2]       https://doc.arkansas.gov/community-correction/reentry/transitional-housing-and-reentry-information/reentry-facilities/. (last accessed March 23, 2024).

[3] Information available on the ADC website using the Inmate Search function. (last accessed March 23, 2024).

## II.        LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right.  *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up).  However, the complaint must still allege specific facts sufficient to support a claim.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.        ANALYSIS

Plaintiff identifies Defendant Cantrell as a parole officer.  Parole officers are immune from suit.  "[T]he extent of immunity accorded an official depends solely on the officials' function."

*Figg v. Russell*, 433 F.3d 593 (8th Cir. 2006), citing *Nelson v. Balazic*, 802 F.2d 1077, 1078 (8th Cir. 1986).  The Eighth Circuit has found parole officers to be entitled to either absolute or qualified immunity depending on the function at issue.  *Id.* at 1078-79 (finding parole officer entitled only to qualified immunity because the officer's decision not to take a parolee into custody was not a quasi-judicial function or prosecutorial decision; the decision was akin to function of police officer); *Anton v. Getty,* 78 F.3d 393 (8th Cir. 1996) (finding parole officers entitled to absolute immunity where they made recommendations to parole board that parole be delayed, similar to quasi-judicial function performed by parole officers preparing presentence reports). Based on Plaintiff's somewhat vague allegations that Defendant Cantrell provided someone with information about his criminal record, she is entitled to either absolute immunity or qualified immunity.

Further, Plaintiff failed to allege sufficient facts to state any plausible constitutional claim against either Defendant.  Even a *pro se* Plaintiff must still allege specific facts sufficient to support a claim.  *Martin*, 780 F.2d at 1337.

## IV.    CONCLUSION

For these reasons, it is recommended that: (1) the case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted; (2) Plaintiff/Petitioner is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g), and thus, the Clerk is directed to place a § 1915(g) strike flag on the case for future judicial consideration; and (3) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely**

**objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 25th day of March 2024.

/s/ *Mark E. Ford*

HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE